NO. 07-02-0115-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

APRIL 2, 2002

_____

IN THE INTEREST OF ZACKERY HUSEMAN AND
MADELINE HUSEMAN, MINOR CHILDREN

_____

FROM THE 64TH DISTRICT COURT OF HALE COUNTY;

NO. A29348-9708; HONORABLE JACK R. MILLER, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Appellant Timothy Huseman gave notice of appeal on March 4, 2002, from an order of the trial court entered on February 15, 2002, dismissing his petition to modify in a suit affecting the parent-child relationship. We have now received a certified copy of a more recent trial court order dated March 22, 2002, in which it granted appellant's motion to reconsider the February 15 order of dismissal, withdrew that order, and indicated its intent to proceed in the matter after the respondent has been served. The trial court also "abated" the appeal and declared it moot.

The filing of a notice of appeal invokes the appellate court's jurisdiction over all parties to the judgment or order appealed from. Tex. R. App. P. 25.1(b). However, the trial court retains plenary power to grant a new trial or to vacate, modify, correct, or reform the judgment until 30 days after all such motions are overruled. Tex. R. Civ. P. 329b(e) and (g). The trial court has now reconsidered the order appealed from and vacated it, and we thus agree that the pending appeal has been rendered moot. Further, there is no appealable order before this court, and we must therefore dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3. Since appellant obtained the relief he requested by the trial court's action, the need for ten days notice to the parties prior to dismissal pursuant to Rule 42.3 of the Rules of Appellate Procedure is obviated, and we suspend that requirement for purposes of this appeal only pursuant to the authority of Rule 2 of the Rules of Appellate Procedure.

Accordingly, the appeal is hereby dismissed.


John T. Boyd
Chief Justice

Do not publish.

2